The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the plaintiff and the defendant-employer on December 31, 1994.
3. The Granite State Insurance Company was the compensation carrier on the risk, with AIG Claims Services, Inc. serving as the servicing agent.
4. Plaintiff's average weekly wage was $340.00.
5. Plaintiff is alleging an injury by accident or a specific traumatic incident on December 31, 1994, resulting in an injury to his back.
6. The defendant-employer has denied liability, and the issue to be determined by the Commission is whether Plaintiff in fact suffered an injury by accident or specific traumatic incident arising out of and in the course of the employment.
*****************
Based upon the competent evidence of record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of injury, plaintiff was 33 years old and had obtained a GED certificate. Plaintiff began employment with defendant in mid October 1994.
2. On December 31, 1994, plaintiff was employed as a delivery man for My Mattress, defendant-employer. Plaintiff's job duties primarily involved delivering mattresses, box springs, frames and beds to residential customers. Plaintiff usually drove the truck and he usually had an assistant.
3. On December 31, 1994 as plaintiff was making his last mattress delivery of the day between 6:00 and 7:00 p.m. and working without assistance, he lifted and carried a mattress weighing over 70 pounds up the stairs of an apartment complex to a customer's residence. Plaintiff had to squat down and twist to maneuver the queen-size mattress into place in order to get through the doorway of the apartment. As plaintiff was squatting and twisting, the mattress position shifted causing plaintiff's body to move backwards. Plaintiff felt an immediate pop and pull in his back. At said time, plaintiff sustained an injury to his back by a specific traumatic incident.
4. Plaintiff made an attempt to notify his supervisor of his injury using a pager immediately after he completed his delivery, but he received no response. Plaintiff's pain worsened by the next day and he contacted his supervisor that morning which was New Year's Day and a Sunday.
5. Plaintiff sought treatment on January 2, 1995 at the emergency room at Presbyterian Hospital where he was diagnosed with acute lumbar strain and taken out of work through January 7, 1995. At said time, plaintiff related a history of back pain beginning on Saturday, December 31, 1994 while carrying a mattress. Plaintiff had no prior history of back problems.
6. By January 8, 1995, plaintiff reported symptoms of radicular pain and numbness to his left lower extremity. On January 9, 1995, plaintiff's treating physician gave him a note to remain out of work for two weeks and continued conservative treatment. Plaintiff took his medical notes to defendant-employer after his January 2 and January 9 visits to the doctor.
7. Plaintiff was advised on his January 23 visit to Dr. William L. Griffin, an orthopaedic specialist, that defendant-employer's workers' compensation insurance could not be verified and he would have to pay for his treatment. Plaintiff could not afford to pay for treatment as he did not have health insurance and had been out of work for three weeks without compensation.
8. Defendant-employer has denied liability and further asserts that they had no knowledge that plaintiff was claiming a work related injury until January 9, 1995. On January 9, Russell Tinsley, owner of My Mattress, gave the doctor the name of his workers' compensation carrier and authorized the doctor to bill defendant directly for medical services provided to plaintiff. Also, Mr. Tinsley admits receipt of a note from the doctor restricting plaintiff from work for a week. This note is dated January 2, 1995 and specifically states that plaintiff was not to engage in any work "through Saturday, 7 January 1995 due to back injury". Plaintiff discussed making a workers' compensation claim on January 9, 1995 with Craig Tinsley, vice-president of operations for defendant-employer. Plaintiff was given a Form 19 to complete to assert the claim.
9. Plaintiff gave timely notice of his work related injury to defendant-employer. Defendant produced no convincing evidence to refute plaintiff's claim.
10. Plaintiff sustained a compensable back injury arising out of and in the course of his employment with defendant-employer which was the direct result of a specific traumatic incident of the work assigned on December 31, 1994.
11. As a result of plaintiff's back injury, he was temporarily totally disabled for a period of time which is not clearly established by the evidence although plaintiff testified that he remained unable to work through the date of hearing.
12. Plaintiff is entitled to payment by defendant of all reasonable medical treatment necessitated by his injury.
13. Based upon the stipulated issue set forth for hearing, this case should be remanded for a hearing on the extent of plaintiff's disability arising from his compensable injury.
******************
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following
CONCLUSIONS OF LAW
1. On December 31, 1994, plaintiff sustained a compensable back injury by accident or specific traumatic incident of the work assigned arising out of and in the course of his employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to payment by defendant of all medical treatment which is reasonably required to effect a cure, provide relief and/or would tend to lessen his disability.
3. This case should be remanded to a deputy commissioner for additional evidence on the extent of plaintiff's disability and what amount of compensation plaintiff is due.
***************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Plaintiff's claim for workers' compensation benefits is GRANTED.
2. This case is REMANDED for hearing before a deputy commissioner on the extent of plaintiff's disability and what amount of compensation, if any, is owed the plaintiff.
3. Defendant shall pay for such medical evaluations and treatments as are reasonably required to effect a cure, provide relief and or would tend to lessen plaintiff's disability, including past medical expenses arising from the injury.
4. Plaintiff shall fully cooperate with vocational efforts of the defendant.
5. Defendants shall pay the costs due this Commission.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md